CITY OF GARFIELD, A MUNICIPAL CORPORATION OF NEW JERSEY, AND PETER MONEGO AND ERVIN R. McDADE, PLAINTIFFS-APPELLANTS, v. THE BOROUGH OF EAST PATERSON, A MUNICIPAL CORPORATION OF NEW JERSEY, INTERBOROUGH ASSOCIATES, INC., A COR-PORATION OF NEW JERSEY, CENTRAL BERGEN ASSO-CIATES, A CORPORATION OF THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued April 26, 1966—Decided May 23, 1966.

*Mr. Ralph W. Chandless* argued the cause for appellants (*Messrs. Chandless, Weller & Kramer,* attorneys).

*Mr. Avrom J. Gold,* Assistant Attorney General, argued the cause for respondent Dwight R. G. Palmer (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. George J. Kenny* argued the cause for respondent New Jersey Highway Authority (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys).

*Mr. Anthony D. Andora* argued the cause for respondent Borough of East Paterson (*Messrs. Andora and Baron,* attorneys).

*Mr. Nelson G. Gross,* County Counsel, argued the cause for respondent County of Bergen.

*Mr. Irving I. Rubin* argued the cause for respondent Central Bergen Associates.

The opinion of the court was delivered

PER CURIAM. This case involves the periodic flooding of Fleischer's Brook, a natural watercourse originating in Fair Lawn and emptying into the Passaic River. The trial court found that plaintiffs failed to establish a basis for relief. We certified their appeal before argument in the Appellate Division.

None of the defendants is charged with bringing to Fleischer's Brook water which would go elsewhere. Rather the picture is this: that the brook has overflowed its banks periodically for many, many years; that with the development of the area, water which would have found its way slowly to the brook is now sped on that course by paving and

other improvements and thus the propensity for flooding intensified. In this regard, the State Highway Department and the New Jersey Highway Authority are singled out because of the highways they constructed. It appears also that the natural coursing of the waters has been affected by sundry culverts erected and work done in the brook over a span of many years, some by governmental entities and some by owners of abutting lands.

Upon the record here made, a court could not possibly assess the responsibility, if any, of any of the governmental defendants. The trial court correctly found a case was not made out under the doctrine of *Armstrong v. Francis Corp.*, 20 *N. J.* 320 (1956). The situation seems to us to call for responsible cooperative effort by the several municipalities and the county, and perhaps to require legislative solution if these governmental agencies cannot effect one within existing laws. This observation should not be understood to impair in any way the outstanding order in other proceedings against the private corporate defendants.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.